Mr. Larry M. Haag Citrus County Attorney 111 West Main Street, 3rd Floor Inverness, Florida 34450
Dear Mr. Haag:
On behalf of the Citrus County Board of County Commissioners, you ask substantially the following questions:
1. May the board of county commissioners hold all of its regular meetings at a place inside the county, but other than at the county seat?
2. May the principal offices of the individual commissioners be located at a place inside the county but other than at the county seat?
In sum:
1. The board of county commissioners, upon due public notice, may hold its regular meetings at any appropriate public place in the county.
2. While the principal office of the county commission must be located at the county seat, the practical considerations of individual commissioners serving the needs of and making themselves available to their district constituents would lead to the conclusion that district offices outside the county seat are permissible.
Question One
Section 125.001, Florida Statutes, provides:
"Upon the giving of due public notice, regular and special meetings of the board may be held at any appropriate public place in the county."
This office has observed that the only express requirements of section 125.001, Florida Statutes, are that due public notice be given and that the meeting be held at a public place in the county.[1] Moreover, the county commission, as the legislative and governing body of the county, has the power to "set the time and place of its official meetings."[2] There are no other apparent statutory provisions that direct the place or time of the regular official meetings of the county commission.[3]
Accordingly, it would appear within the county commission's authority to designate, upon giving due public notice, a place other than within the county seat for its regular meetings.
Question Two
A determination of where the principal offices of the individual county commissioners must be located would necessarily depend upon whether county commissioners are considered county officers for purposes of Article VIII, section 1(k), Florida Constitution.
This office was recently asked whether county commissioners are county officers in light of the individual treatment of county officers such as the tax collector and county clerk in ArticleVIII, section 1(d), Florida Constitution, and the designation of county commissioners as the governing body of an unchartered county in Article VIII, section 1(e), Florida Constitution. While county commissioners are recognized in a separate subsection of the same section in Article VIII, it was concluded that they are generally considered county officers for purposes of the Florida Constitution and the statutes.[4]
As was previously noted, county commissioners take the oath of office as county officers under Article II, section 5(b), Florida Constitution, and are considered officers for purposes of the dual office holding prohibition under the same section.[5] Further, state statutes recognize that county commissioners are constitutional county officers.[6]
Moreover, Article IV, section 7(a), Florida Constitution, authorizing the Governor to suspend any county officer for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties or commission of a felony, applies to county commissioners. When Article IV, section 7(a), Florida Constitution is read with Article X, section 3, Florida Constitution, prescribing when a vacancy in office occurs, and section 114.04, Florida Statutes, authorizing the Governor to fill vacancies in office, there emerges a logical method for the removal of county officers, including county commissioners, and the filling of the resulting vacancy.
Article VIII, Section 1(k), Florida Constitution, provides:
"In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. . . ."
While Article VIII, section 1(k), Florida Constitution, states that the principal offices of all county officers must be located at the county seat, it expressly authorizes the establishment of branch offices elsewhere in the county by resolution of the county's governing body.
In Attorney General Opinion 83-37, this office was asked whether offices maintained by individual members of the county commission in a branch courthouse could be considered the official headquarters of such commissioners for purposes of travel reimbursement pursuant to section 112.061, Florida Statutes. The opinion discussed the establishment of a board of county commissioners in Article VIII, section 1(e), Florida Constitution, and found no administrative function or discrete governmental duty assigned to the individual commissioners that would justify remote individual offices as the official headquarters of the individual commissioners. Noting that a board of county commissioners may act officially only as a body convened in a legal session at an authorized meeting place, the opinion concluded that the county seat at which the principal office of the board is located would necessarily be the official headquarters of the individual members for purposes of travel reimbursement under section 112.061, Florida Statutes.[7]
Thus, while the principal offices for all county officers, including county commissioners, must be located in the county seat, as noted above, Article VIII, section 1(k), Florida Constitution, expressly authorizes the establishment of branch offices for the conduct of county business. Accordingly, the establishment of remote offices for individual commissioners would appear to better meet the need of district constituents to have access to their elected representatives on the board of county commissioners.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Op. Att'y Gen. Fla. 83-100 (1983).
[2] Section 125.01(1)(a), Fla. Stat.
[3] Cf., Motes v. Putnam County, 196 So. 465 (1940) (board of bond trustees invested with county commission's authority to issue bonds for particular projects could not hold meeting in chairman's home outside county seat due to chairman's illness where special act creating county required all official meetings for transaction of business by boards of county commissioners and like boards to be publicly conducted at a known place in the county seat).
[4] See, Inf. Op. to Mr. Larry M. Haag, dated December 28, 1998.
[5] See, Op. Att'y Gen. Fla. 94-66 (1994), and the authorities cited therein.
[6] See, e.g., s. 121.052(2)(d), Fla. Stat., including county commissioners in the list of constitutional county elected officers who are eligible for membership in the class of elected state and county officers for the state retirement system.
[7] See also, Op. Att'y Gen. Fla. 82-85 (1982).